**ROSEN & ASSOCIATES, P.C.**
*Counsel to Maguire Ft. Hamilton LLC*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>4218 PARTNERS LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-44444 (NHL) |

### ATTACHMENT TO PROOF OF CLAIM OF MAGUIRE FT. HAMILTON LLC

Maguire Ft. Hamilton LLC ("**Maguire**"), through its undersigned counsel, Rosen & Associates, P.C., in connection with the prefixed proof of claim (collectively, the "**Proof of Claim**") against 4218 Partners LLC, the above-captioned debtor ("**Debtor**") and its bankruptcy estate, respectfully represents as follows:

### STATEMENT OF AMOUNTS DUE

1.  As of the Petition Date (defined below), Maguire asserts the claims described herein (the "**Claims**") in an amount totaling not less than $9,136,816.51; including unpaid principal in the amount of $7,829,398.10; accrued, outstanding and unpaid interest[1] of $1,096,115.62; and $211,302.79 of known fees, charges and expenses.

2.  The foregoing does not include certain other fees, costs, and expenses, including those related to foreclosure and litigation which are not yet liquidated at this time, the

---

[1] References to "interest" herein shall be interpreted as reference to the "Interest Rate," as well as the "Interest after Default," each as defined in the Loan Documents (defined below).

pre-payment included in the Loan Documents, and Maguire expressly reserves the right to recover, assert, claim and collect such amounts from the Debtor and its estate.

3. In addition, Maguire expressly reserves the right to recover, assert, claim and collect from the Debtor and its estate any interest, fees, charges, costs, expenses, damage claims, other claims or other amounts applied, incurred, or accrued after the Petition Date.

## BASIS FOR THE CLAIMS

4. The Claims are based upon documents that relate to and otherwise evidence the Debtor's agreement to repay the proceeds of a loan dated November 19, 2018 made by Maguire's predecessor-in-interest, Ice Lender XVII LLC (the "**Original Lender**") in the principal amount of $8,250,000 (the "**Loan**"). The Loan was evidenced by a certain *Promissory Note* dated November 19, 2018 in favor of the Original Lender, and assigned to Maguire (the "**Note**"). A copy of the Note, together with evidence of the assignment thereof, is annexed hereto as *Exhibit A*.

5. Pursuant to a certain *Mortgage and Security Agreement* dated November 19, 2018 in favor of the Original Lender, and assigned to Maguire under that certain *Assignment of Mortgage* dated March 7, 2019 (collectively, the "**Mortgage**"), the Debtor's obligations under the Note are secured by a properly-perfected[2] security interest in, and lien on the Debtor's interests in certain property, including, without limitation, all of the Debtor's interests in the property defined as "Collateral" in the Mortgage and all products and proceeds thereof (collectively, the "**Collateral**").

6. The Collateral includes, without limitation, all the "Real Property" described in the Mortgage, known as 4218 Fort Hamilton Parkway, Brooklyn, New York 11219, and any and all "Improvements" and "Appurtenances" (each as defined in the Mortgage).

---

[2] *See infra* ¶ 4.

7. On November 29, 2018, the Original Lender recorded a UCC-1 Financing Statement dated November 19, 2018 against the Debtor's interests in property and other Collateral as described therein in the Office of the City Register under CRFN: 2018000393825. A copy of the Mortgage, together with evidence of the assignment thereof and recording information thereto is annexed as *Exhibit B*.

8. As additional collateral for payment of the Note, Samuel Pfeiffer ("**Pfeiffer**") and his wife Dina Krausz ("**Krausz**" and together with Pfeiffer, the "**Original Members**") executed a pledge of all rights and interests in their respective membership interests in the Debtor (the "**Membership Interests**"), a combined 100% membership interest in the Debtor, in accordance with the terms and conditions of a certain *Membership Interest Pledge Agreement* (the "**Pledge Agreement**").

9. Simultaneously with the Pledge Agreement, the Original Members executed and delivered to the Original Lender an *Assignment of Membership Interest* in blank. A copy of the Pledge Agreement and the *Assignment of Membership Interest* are annexed hereto as *Exhibits C* and *D* (respectively).

10. Upon information and belief, the assignments constitute a security certificate in "bearer form" under New York Law.[3]

11. Pursuant to an *Assignment and Assumption of Assigned Rights and Obligations* dated March 6, 2019 (the "**Assignment**"), the Original Lender assigned to Maguire all its right, title, interest and obligations in, to and under the Loan, Mortgage and Pledge Agreement (collectively, the "**Loan Documents**").

---

[3] *See* N.Y. UCC § 8-301 (possession of a security certificate in "bearer form" creates a registered security interest); N.Y. UCC § 8-102(a)(2) ("Bearer form," as applied to a certificated security, means a form in which the security is payable to the bearer of the security certificate according to its terms but not by reason of an indorsement.").

12. The Assignment was duly recorded in the Office of the City Register on March 15, 2019 under CRFN: 2019000085148. A copy of the Assignment and recording information thereto is annexed as *Exhibit E*.[4]

13. Consequently, the Lien constitutes a secured claim, as described in the Loan Documents, including a perfected Lien in and on the Collateral and in, on, and against all proceeds, profits, and rents therefrom, both pre- and post-petition including those referenced in 11 U.S.C. § 552(b).

14. Maguire asserts a first-priority Lien on all of the Collateral, with priority over all other possible liens, claims, and interests.

15. Notably, the Collateral also includes, without limitation, all air and development rights owned by the Debtor or otherwise related to the Real Property, including those rights transferred prior to the Petition Date by 4202 Partners LLC ("**Transferor**"). *See Exhibit F* (*Zoning Lot Development and Easement Agreement* dated October 26, 2017 between WC425X LLC and the Maltz Family Limited Partnership); *Exhibit G* (*Declaration of Zoning Lot Restriction* dated October 26, 2017 by and between WC425X LLC and the Maltz Family Limited Partnership); and *Exhibit H* (*First Amendment to Zoning Lot Development and Easement Agreement* dated November 19, 2018 executed by the Transferor) (wherein Transferor consented to and subordinated its rights in the Real Property to those of the Debtor and Maguire).

16. As a result of the Debtor's default under the terms of the Loan Documents, Maguire issued a *Notice of Default and Acceleration* on March 18, 2019, notifying the Debtor of the default and acceleration of all sums due under the Loan Documents, and on April 30, 2019,

---

[4] Pursuant to UCC 9-312; was required to take possession of the stock certificates corresponding to the assigned shares. Williams v. Burke, 278 A.D.2d 140, 718 N.Y.S.2d 316 (1st Dep't 2000).
4, plaintiff, to perfect his security interest, was required to take possession of the stock certificates corresponding to the assigned shares."

4

served a certain *Notice of Disposition of Collateral*, giving public notice of its intention to sell the Original Members' Membership Interests to the highest bidder in accordance with the Uniform Commercial Code (the "**UCC Sale**"). The UCC Sale was scheduled for July 22, 2019. Copies of the *Notice of Default* and the *Notice of Disposition of Collateral* are annexed hereto as *Exhibit I*.

17. On July 21, 2019 (the "**Petition Date**"), facing the imminent sale of the Membership Interests, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

18. As of the Petition Date, the Claims herein total an amount of not less than the $9,136,816.51.[5]

## VALUE OF THE COLLATERAL & RESERVATION OF RIGHTS

19. The value of the Collateral is unknown at this time. Maguire reserves all rights with regard thereto, including to the extent that the value the Collateral permits recovery of any interest, fees, charges, expenses, costs, damage claims, other claims, or other amounts, including those referenced under 11 U.S.C. § 506(b), to recover any such amounts accruing after the Petition Date. To the extent that the value of the Collateral is insufficient to satisfy in full the amounts claimed herein, or that the Lien or any part thereof in favor of Maguire is determined to be unenforceable, void or ineffective, the Claims set forth herein are filed as general unsecured claims as to any deficiency, without prejudice.

20. In executing and filing this Proof of Claim, Maguire (i) does not waive any right or rights that it has or may have against any other persons liable for all or part of the Claims set forth herein; (ii) expressly reserves the right to claim costs, charges, fees, expenses, damage

---

[5] *See supra* ¶¶ 1-3 ($7,829,398.10 of outstanding principal plus accrued, outstanding and unpaid interest of $1,096,115.62 and known fees, charges and expenses of $211,302.79).

claims, other claims or any other amounts related to the Claims, applied or accruing post-petition on any basis, including as administrative expenses pursuant to 11 U.S.C. § 503(b); (iii) expressly reserves the right to assert all claims, causes of action, defenses, offsets or counterclaims based on any other theories of tort or other basis for recovery, at law or in equity, based on the facts recited herein and any other related facts, now known or which may hereafter be discovered; and (iv) expressly reserves the right to amend, clarify, modify, supplement, or otherwise revise this Proof of Claim, including any schedules or exhibits hereto, in any respect, at any time and for any purpose.

21. This Proof of Claim is filed without prejudice to the filing by the Maguire of additional proofs of claim with respect to any other liability or indebtedness of the Debtor. Maguire reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason.

22. Maguire is filing this Proof of Claim under compulsion of the bar date set by the Bankruptcy Court, to protect from forfeiture of its claims against the Debtor by reason of the bar date. The filing of this Proof of Claim is not an election of remedies, and does not constitute a submission by Maguire to the jurisdiction of the Bankruptcy Court for any purpose. In executing and filing this Proof of Claim, Maguire does not waive, and shall not be construed to waive, (i) any of the its rights and remedies against any other person or entity who may be liable for all or part of the Claims set forth herein, whether an affiliate of the Debtor, an assignee, a guarantor, a member or otherwise; (ii) any claims for adequate protection; (iii) any of the its procedural or substantive rights, or any procedural or substantive defenses to any claim that may be asserted against Maguire by the Debtor, any trustee, or any other party; (iv) any of the its rights to seek to have the reference withdrawn with respect to the subject matter of the Claims set forth herein, any

objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving Maguire; (v) any right of subordination in favor of Maguire of indebtedness or liens held by creditors of the Debtor; (vi) any obligation owed to Maguire, or any right to any security that may be determined to be held by any party for its benefit; or (vii) any past, present or future defaults (or events of default) by the Debtor or others in connection with the Loan Documents or otherwise.

23. Cure of the Debtor's defaults under the Loan Documents is not possible. Alternatively, cure requires payment in full of the Claims, with all accrued interest, fees, charges, costs, expenses, damage claims, and other claims accrued through the date of the repayment.

24. The Claims asserted herein are not founded on an open account.

25. No judgment has been rendered on the Claims asserted herein.

26. The amount of all payments on the Claims set forth in this Proof of Claim, if any, have been credited and deducted for purposes of this Proof of Claim.

Dated: New York, New York
January 4, 2020

**ROSEN & ASSOCIATES, P.C.**
*Counsel to Maguire Ft. Hamilton LLC*

By: _____
Sanford P. Rosen
Paris Gyparakis

747 Third Avenue
New York, NY 10017 2803
(212) 223-1100

8